IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY RICE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1501 |
| | : | |
| C/O KARASTON, *et al.* | : | |
|     Defendants. | : | |

MEMORANDUM

**HODGE, J.**                                                                         **JUNE 5, 2024**

    *Pro se* Plaintiff Timothy Rice, a prisoner currently incarcerated at SCI Phoenix, has filed a Complaint asserting civil rights claims along with a Motion to Proceed *In Forma Pauperis*. Named as Defendants are the following SCI Phoenix employees: (1) Correctional Officer Karaston; (2) Correctional Officer Mantuce; (3) Correctional Office Antwon; and (4) Unit Manager Grady. For the following reasons, the Court will grant Rice *in forma pauperis* status and permit him to proceed on his excessive force claim against Correctional Officer Karaston in his individual capacity only. Rice will be given the opportunity to proceed on the excessive force claim that passes statutory screening, or to file an amended complaint.

**I.**   **FACTUAL ALLEGATIONS**

    Rice's allegations are brief. He asserts that correctional officers assaulted him on March 28, 2023, while he was in full restraints in the "L-Block yard" at SCI Phoenix. (Compl. (ECF No. 2) at 3-5.)[1] More specifically, Rice avers that while he was being escorted by Officer Karaston and another officer whom he does not identify, Karaston threatened him, telling Rice that "when I get you in [the] yard we [are] going to beat your ass." (*Id.* at 5.) Rice alleges that

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

while he was on the ground in full restraints, he was kicked in the ribs by Karaston, his head was banged on the ground several times, and the other officer punched him in the face.  (*Id.* at 4-5.) Rice asserts that he suffered a severe head injury resulting in a permanent headache, short term memory loss, and emotional distress.  (*Id.* at 5.)  Rice seeks $1.2 million in monetary damages.  (*Id.*)  While Rice listed Correctional Officers Mantuce and Antwon, and Unit Manager Grady as Defendants, he fails to allege any facts about Mantuce, Antwon, or Grady.

## II.     STANDARD OF REVIEW

The Court grants Rice leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

---

[2] The Court construes Rice's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and his attempts to secure his prisoner account statement (ECF No. 5) as substantially complying with the requirements of 28 U.S.C. § 1915(a).  Because Rice is a prisoner who is granted *in forma pauperis* status, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

As Rice is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III. DISCUSSION

Rice raises claims under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Section 1983 "does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.  Official Capacity Claims

Rice has named Correctional Officer Karaston, an employee of the Commonwealth of Pennsylvania, in his official capacity.[3] The Eleventh Amendment bars suits against the Commonwealth and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against Commonwealth officials, like all of the Defendants in this case, acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, Rice's claims official capacity claim against Karaston is dismissed with prejudice.

### B.  Claims Based on the Use of Excessive Force

Rice alleges that the Defendants used excessive force on him during an incident that occurred on March 28, 2023. Rice alleges that while he was on the ground in full restraints, he was kicked in the ribs by Correctional Officer Karaston, his head was banged on the ground

---

[3] By checking boxes on the form complaint he used, Rice asserts claims against Officer Karaston in his official and individual capacities. (Compl. at 2.) Rice did not check any of the boxes with respect to the remaining Defendants. (*Id.* at 2-3.) Because suits against them in their official capacities are barred by the Eleventh Amendment, the Court will liberally construe the Complaint as asserting claims against the remaining Defendants in their individual capacities. *See Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

several times, and another officer punched him in the face. (Compl. at 4-5.) The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "Force that is used 'maliciously and sadistically for the very purpose of causing harm' violates the Eighth Amendment." *Young v. Martin*, 801 F.3d 172, 180 (3d Cir. 2015) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The factors used to determine whether the force applied was excessive include: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) ''the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The inquiry is driven "by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).

     As Rice makes factual allegations that Officer Karaston used an unreasonable amount of force against him, including kicking him in the ribs and banging his head on the ground while Rice was in full restraints, (*see* Compl. at 4-5), the excessive force claim against Officer Karaston in his individual capacity passes statutory screening and will be permitted to proceed. However, because Rice fails to allege any facts indicating that Officer Mantuce, Officer Antwon, or Unit Manager Grady were even involved in the excessive force incident, any claims against them cannot proceed at this time. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020)

("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode,* 845 F.2d at 1207)).

## IV.   CONCLUSION

The Court will grant Rice leave to proceed *in forma pauperis*. As set forth more fully above, the Court is prepared to serve Rice's excessive force claim against Correctional Officer Karaston in his individual capacity. Rice's official capacity claims will be dismissed with prejudice and his remaining claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Considering Rice's *pro se* status, he will be granted the option of filing an amended complaint to attempt to cure the defects identified by the Court.[4] In the alternative, Rice may advise the Court that he seeks to proceed only on the excessive force claim against Correctional Officer Karaston, which passes statutory screening.

An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**

---

[4] If Rice chooses to file an amended complaint, the amended complaint must be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). This means that the submission of an amended complaint in this case will "effectively constitute[] an abandonment of any prior complaints filed by [Rice]." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).